# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2002-AM3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-AM3, <br><br> *Plaintiff*, <br><br> v. <br><br> CHERYL EMERSON, JOHN ALLEN, AND THE UNKNOWN HEIRS AT LAW OF IDA K. ALLEN, DECEASED, <br><br> *Defendants*. | Civil Action No. 5:18-CV-209-XR |

## ORDER ON MOTION FOR FINAL SUMMARY JUDGMENT

On this date, the Court considered Plaintiff's Motion for Summary Judgment (docket no. 38) as to Defendant Cheryl Emerson. Emerson did not respond. Even though unopposed, the Court will analyze the motion and the applicable law to determine whether summary judgment is warranted. After careful consideration, the Court GRANTS Plaintiff's motion.

## BACKGROUND

In this case, Plaintiff Deutsche Bank National Trust Company, as trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2002-AM3 Mortgage Pass-Through Certificates, Series 2002-AM3, seeks an order allowing foreclosure. On or about May 31, 2002, Ida K. Allen ("Borrower") executed a promissory note in the principal amount of $51,200.00,[1] the repayment

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000. Plaintiff alleges that a 2017 appraisal valued the property at $101,680. Docket no. 1 at 4.

1

of which is secured by a security instrument. Docket no. 1 at 4. This instrument grants a security interest in the real property at 7819 Quirt Drive, San Antonio, Texas 78227.[2] *Id.* Borrower died on or around September 29, 2014. *Id.* at 2. Plaintiff pled, on information and belief, that Borrower died intestate, so Plaintiff named as defendants Borrower's believed heirs: John Allen, Cheryl Emerson, and The Unknown Heirs at Law of Ida K. Allen.

Plaintiff alleges that it is the current owner and holder of the Note and beneficiary of the security instrument pursuant to a blank indorsement of the Note and that it is a mortgagee of the loan agreement. Docket no. 29 at 6. Plaintiff alleges that Borrower and Defendants defaulted under the terms of the Note by failing to make monthly payments, which are due for the May 1, 2017 payment and all subsequent payments. *Id.* at 7. Plaintiff sent a notice of default and intent to accelerate on July 7, 2017, and after the default remained uncured, sent a notice of acceleration on November 2, 2017. *Id.*

On March 2, 2018, Plaintiff filed its Original Complaint, seeking declaratory relief that it is the owner and holder of the Note and beneficiary of the Security Instrument and may foreclose on the property at issue. Docket no. 1. Plaintiff named Cheryl Emerson and John Allen as Defendants, upon information and belief that they are heirs of Ida K. Allen, deceased, who was the sole obligor under the loan agreement at issue. Plaintiff also named the Unknown Heirs at Law of Ida K. Allen, to the extent that they exist and have an interest in the property, as Defendants.

---

[2] This property is more particularly described as:
    LOT SIXTEEN (16), BLOCK FORTY-SEVEN (47), NEW CITY BLOCK 15487, LACKLAND TERRACE SUBDIVISION, UNIT 10, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 4900, PAGE 17, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.
Docket no. 1 at 4.

On August 16, 2018, Defendant Cheryl Emerson filed a Suggestion of Bankruptcy, stating that Emerson is a debtor in a pending Chapter 13 Bankruptcy in the Western District of Texas that was filed on August 16, 2018. Docket no. 23. Thus, Emerson stated that this proceeding is stayed pursuant to 11 U.S.C. §§ 362, 1301. *Id.* The Court required the parties to brief the issue of whether the stay should apply to the remaining co-defendants pending resolution of Emerson's bankruptcy case. Docket no. 24. Plaintiff argued that the stay should not apply to the co-defendants, docket no. 25, and Defendants did not reply.

Then, the issue was mooted as to co-defendants the Unknown Heirs at Law of Ida K. Allen. In a status report filed November 13, the parties stated that the will of Ida K. Allen, admitted to probate on October 29, narrows the heirship of the estate to Emerson and John Allen. Docket no. 26. Thus, the Court granted voluntary dismissal of the Unknown Heirs at Law of Ida K. Allen on November 14. Docket no. 28. The Court then ordered that the case proceed as to John Allen despite the application of the automatic bankruptcy stay to Emerson. Docket no. 30.

On January 22, 2019, the Court granted summary judgment against Allen. Docket no. 32. The case was administratively closed while the bankruptcy stay was in place as to Emerson. On March 14, the case was reopened. Docket no. 35. On June 14, Plaintiff filed the motion for summary judgment now before the Court. Docket no. 38. Emerson, the sole remaining defendant, has not responded and the response deadline has passed. Plaintiff seeks an order allowing it to foreclose on the property on the basis that no triable fact issue exists as to any element of judicial foreclosure under Texas law.

## DISCUSSION

**I.     Standard of Review**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the non-movant, or, in other words, that the evidence favoring the non-movant is insufficient to enable a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the non-movant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable

to the non-moving party, *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**II.     Application**

Plaintiff alleges it is entitled to foreclose on the property at issue here.

**1. Judicial Foreclosure**

Under Texas law, a lender seeking to foreclose under a security instrument with a power of sale must "demonstrate that: (1) the debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *U.S. Bank Nat'l Ass'n v. Johnson*, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)). "Plaintiff must also demonstrate that it is the proper party to foreclose." *Id.*

**a.  Prerequisites to Judicial Foreclosure**

As it did on a similar record with respect to Allen, Plaintiff has met its burden at summary judgment. Plaintiff's evidence shows that a debt exists. The debt is evidenced by the Note signed by the borrower. Docket no. 38 at 8 (citing Ex. A, A-1). Second, this debt is secured by a lien under Art. 16, § 50(a)(6) of the Texas Constitution, as Ida K. Allen executed the Security Instrument granting Aames, and its successors and assigns, a lien on the property. *Id.* (citing Exs. A, A-2). Emerson is in default under the Note, as the Note is currently due for the May 1, 2017 payment and all subsequent payments. Emerson has had the use of the property but has not made these payments. *Id.* at 9.

Finally, Plaintiff's evidence shows that Defendants were given notice of default and acceleration. Plaintiff sent Ida K. Allen a notice of default and intent to accelerate on July 7,

5

2017. *Id.* at 10 (citing Exs. A, A-3). Plaintiff then mailed a notice of acceleration on November 2, 2017. *Id.* (citing Exs. A, A-4). Thus, Plaintiff has met all prerequisites for seeking foreclosure.

### b. Whether Plaintiff is the Proper Party

As the Court decided in granting summary judgment as to Allen, Plaintiff is the proper party to foreclose. Plaintiff is the current holder of the Note indorsed in blank and thus has authority to foreclose on the loan. *Id.* at 11 (citing Exs. A, A-1). Alternatively, Plaintiff can foreclose as a mortgagee under the Texas Property Code. *Id.* at 9 (citing Ex. A, A-2; TEX. PROP. CODE §§ 51.0001(4), 51.0025). Thus, Plaintiff's summary judgment evidence establishes that it is a property party to foreclose.

Further, for each element, Plaintiff also presents summary judgment evidence in the form of Plaintiff's Request for Admissions, which Emerson did not respond to and are thus deemed admitted. Docket no. 38, Ex. B-1. These deemed admissions establish that all prerequisites of judicial foreclosure are met and that Plaintiff is a proper party to foreclose. As Plaintiff has met its burden at summary judgment, the burden now shifts to Emerson to show summary judgment is inappropriate here, but Emerson did not respond. Accordingly, the Court grants Plaintiff's motion.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Summary Judgment (docket no. 38) is GRANTED. Judgment will issue separately pursuant to Rule 58.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

SIGNED this 1st day of July, 2019.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE